# Exhibit

# #1

BK 14097 PG 597 Doc: 1,238,369 11-15-2011 11:24
Norfolk County Land Court

**QUITCLAIM DEED**

I, Dorothy Fabrizio, of 54 Clapp Avenue, Weymouth, Norfolk County, Massachusetts

For consideration paid $1.00

Grants, with quitclaim covenants,

To Leanne M. St. Germain, individually, of 54 Clapp Avenue, Weymouth, Massachusetts

033926

A certain parcel of land situated in Weymouth, in the County of Norfolk, Commonwealth of Massachusetts, bounded and described as follows:

| | |
|---|---|
| NORTHERLY | by a Way, shown on the plan hereinafter referred to, fifty-four (54) feet; |
| EASTERLY | by land now or formerly of Hugh R. Ferguson et ux, ninety-seven and 79/100 (97.79) feet; |
| SOUTHERLY | by land now or formerly of John Haviland, fifty-four and 01/100 (54.01) feet; and |
| WESTERLY | by land now or formerly of Joseph Dutton, ninety-seven and 08/100 (97.08) feet. |

00 APR 11 PM 1:58

All of said boundaries are determined by the Land Court to be located as shown on a plan drawn by Russell H. Whiting, Surveyor, dated October 31, 1952 and October 19, 1954, as modified and approved by said Court, filed in the Land Registration Office as No. 24139A, a copy of a portion of which is filed in Norfolk Registry District with Certificate No. 52335, Book 262.

So much of the above described land as is included within the limits of the Way thirty-five (35) feet wide, shown on said plan, is subject to the rights of all persons lawfully entitled thereto in and over the same.

For my title, see Duplicate Certificate of Title No. 70179 dated March 20, 1962 and registered in Norfolk Registry of Deeds at Book 351, Page 179.

Executed as a sealed instrument this 16th day of March, 2000.

Dorothy Fabrizio
Dorothy Fabrizio

**COMMONWEALTH OF MASSACHUSETTS**

Norfolk, ss March 16, 2000

Then personally appeared the above-named Dorothy Fabrizio and acknowledged the foregoing instrument to be her free act and deed, before me,

Kerri J. McCann, Notary Public
My Commission Expires: March 6, 2003

JAMES M. HIGGINS
Attorney at Law
Eastern Harbor Office Park
50 Redfield Street
Boston, Massachusetts 02122

RECEIVED AND RECORDED NORFOLK COUNTY REGISTRY OF DEEDS DEDHAM, MA
CERTIFY
BARRY T. HANNON, REGISTER

A true copy from Lib. 14097 Fol. 597
in Norfolk County Registry of Deeds
Dedham, MA
Certify: William P. O'Donnell
Register

# Exhibit

# #2

Ctf#:183364
Norfolk County Land Court

(SEAL)

COMMONWEALTH OF MASSACHUSETTS

LAND COURT

DEPARTMENT OF THE TRIAL COURT

REGISTER THIS COPY

CASE NO. 11-SBQ-24139-08-001

Upon the petition of Leanne M. St. Germain alleging that:

1. Certificate of Title No. 70179 issued by the Norfolk Registry District is in the name of Dorothy Fabrizio, surviving tenant by the entirety.

2. The following documents were recorded but not registered:

1.) Death Certificate in Book 14097, Page 596;

2.) Affidavit of No Divorce executed by Dorothy Fabrizio in Book 14097, Page 598;

3.) Deed from Dorothy Fabrizio to Leanne M. St. Germain conveying the property described in Certificate of Title No. 70197 in Book 14097, Page 597;

4.) Declaration of Homestead in Book 14711, Page 446;

5.) Declaration of Homestead in Book 16791, Page 206;

6.) Mortgage to Fleet Bank in Book 22611, Page 275;

7.) Execution recorded against locus by HSBC Bank Nevada, Plaintiff in Book 28161, Page 85;

8.) Execution recorded against locus by Arrow Financial Services, as Assignee of HSBC Card, Plaintiff in Book 26814, Page 278.

Wherefore Petitioner prays for a new Certificate of Title.

After due proceedings, it is **ORDERED**: that certified copies of the following be registered and noted on Certificate of Title No. 70179:

1.) Death Certificate in Book 14097, Page 596;

2.) Affidavit of No Divorce executed by Dorothy Fabrizio in Book 14097, Page 598;

3.) Deed from Dorothy Fabrizio to Leanne M. St. Germain conveying the property described in Certificate of Title No. 70197 in Book 14097, Page 597.

**FURTHER ORDERED**: that Certificate of Title No. 70179 be cancelled and a new Certificate of Title be issued for the land described therein to Leanne M. St. Germain.

**FURTHER ORDERED**: that certified copies of the following be registered and noted on said new Certificate of Title:

1.) Declaration of Homestead in Book 14711, Page 446;

2.) Declaration of Homestead in Book 16791, Page 206;

3.) Mortgage to Fleet Bank in Book 22611, Page 275;

4.) Execution recorded against locus by HSBC Bank Nevada, Plaintiff in Book 28161, Page 85;

5.) Execution recorded against locus by Arrow Financial Services, as Assignee of HSBC Card, Plaintiff in Book 26814, Page 278.

**FURTHER ORDERED**: that copies of this order are to be mailed, by the Court, to HSBC Bank Nevada, N.A. and Arrow Financial Services, LLC.

By the Court. (Piper, J.)

Attest:

Deborah J. Patterson
Recorder

Dated: November 1, 2011

A TRUE COPY
ATTEST
Deborah J. Patterson
RECORDER

EAW/tdp

# Exhibit

# #3

BK 16791 PG 206

Doc:1,238,372 11-15-2011 11:24
Norfolk County Land Court

## DECLARATION OF HOMESTEAD

I, Leanne M. St. Germain, of 54 Clapp Avenue, Weymouth, Norfolk County, Massachusetts, owning and occupying as my principal residence the real estate at **54 Clapp Avenue, Weymouth, Norfolk County, Massachusetts**, see Deed recorded at the Norfolk Registry of Deeds dated March 16, 2000 at Book 14097, Page 597, hereby declare a homestead in said premises under the provisions of Chapter 188, Section 1, of the General Laws of Massachusetts.

I expressly reserve the right to myself and to the Executor or Administrator of the survivors of me, to revoke and rescind this Homestead as to myself.

Executed as a sealed instrument this 25th day of June, 2002.

Leanne M. St. Germain
Leanne St. Germain

101142

## COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss June 25, 2002

Then personally appeared the above-named Leanne St. Germain, known to me to be the person described in and who executed the foregoing instrument and acknowledged the same to be her free act and deed, before me,

Wendy L. Spragne
Wendy L. Spragne, Notary Public
My Commission Expires: 12/06/02

JUN 27 PM 1:08

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA
CERTIFY
PAUL D. HAROLD, REGISTER

JAMES M. HIGGINS
Attorney at Law
Eastern Harbor Office Park
50 Redfield Street
Boston, Massachusetts 02122

A true copy from Lib. 16791 Fol. 206
in Norfolk County Registry of Deeds
Dedham, MA
Certify:
Register

# Exhibit

# #4

If property is located in RHODE ISLAND:
This is an open-end mortgage to secure present and future loans under Chapter 25 of Title 34.

If property is located in PENNSYLVANIA:
This is an open-end mortgage to secure future advances under 42 Pa. C.S.A. 8143.

**Fleet Bank**

Bk 22611 Pg275 #84424
07-06-2005 @ 02:42p

**Open-End Mortgage**

**(for use in CT, FL, MA, ME, NH, PA and RI)**

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA
CERTIFY
William P O'Donnell
WILLIAM P. O'DONNELL, REGISTER

Doc: 1,238,373 11-15-2011 11:24
Norfolk County Land Court

**Maximum Principal Sum:** U.S. $
$80,000.00

**Maturity Date:**
06/03/25

**Borrower(s)/Mortgagor(s):** 324D
LEANNE M. ST GERMAIN

**Property Address:**
54 CLAPP AVE WEYMOUTH, MA 02

At the option of the Lender the Maturity Date may be extended to: 06/03/35

THIS MORTGAGE is between each Mortgagor signing below ("Borrower") and the following Mortgagee ("Lender'

Name of Lender: FLEET NATIONAL BANK, PRINCIPALLY LOCATED IN RHODE ISLAND

Lender's Address for Notices: RETAIL LOAN SERVICING
315-317 COURT STREET
P.O. BOX 3092
UTICA, NY 13502

BORROWER has entered into a Fleet Line Agreement ("Agreement") with Lender, dated the same date as this Mortgage, which is a consumer revolving loan agreement that provides for an open-end credit plan (as defined in the Truth in Lending Act). Under the Agreement, Borrower may obtain advances (including re-advances of any repaid principal) and is indebted to Lender for all amounts advanced and outstanding from time to time. All amounts advanced under the Agreement or this Mortgage, if not sooner paid, are due and payable at the Maturity Date. The maximum principal amount that is or may be secured by this Mortgage at any time and from time to time shall not exceed the Maximum Principal Sum shown above.

TO SECURE to Lender the repayment of the indebtedness evidenced by the Agreement, together with interest thereon, and all renewals, extensions, and conversions of or modifications to the Agreement; the payment of all other sums provided in the Agreement or advanced to protect the security of this Mortgage; and the performance of all other covenants and agreements of Borrower contained herein and in the Agreement, for consideration paid, Borrower hereby mortgages, grants, and conveys to Lender, its successors and assigns forever, with statutory power of sale (if applicable) and with mortgage covenants, the property described in Exhibit A to this Mortgage (the "Property"). This Mortgage is given on the statutory condition (except in Florida). If the Property is located in New York, Lender's rights under this Mortgage are in addition to and not exclusive of rights conferred under Sections 254, 271, 272 and 291-F of the New York Real Property Law.

## PROPERTY UNDER MORTGAGE

The Property includes: all improvements erected on the Property; all of Borrower's rights and privileges to all land, water, streets, and roads next to and on all sides of the Property (called "easements, rights, and appurtenances"); all rents from the Property; all proceeds (to the extent necessary to repay the amount Borrower owes) from the Property, including insurance proceeds and proceeds from the taking of all or any part of the Property by a government agency or anyone else authorized by law; and all property and rights described above that Borrower acquires in the future.

175.50

## OWNERSHIP OF PROPERTY

Borrower promises that Borrower lawfully owns the Property and has the right to mortgage, grant and convey the Property, and that there are no claims or charges (called "encumbrances") against the Property, except for encumbrances disclosed to Lender. Borrower is fully responsible for any losses Lender suffers because someone other than the Borrower has some of the rights in the Property that the Borrower claims, and Borrower will defend Borrower's ownership of the Property against any such claim of rights.

Record and Return To:
Integrated Loan Services
27 Inwood Road
ST GERMAIN, LEANNE M Rocky Hill, CT 06067



A true copy of Document No. 1238373
filed in Norfolk Registry District
of the Land Court on 11-15-2011
Certified
William P O'Donnell
Asst. Recorder

Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, and Other Charges.** Borrower shall promptly pay, when due, the principal and interest indebtedness secured by this Mortgage and any other charges due under the Agreement.

2. **Application of Payments.** Unless otherwise provided in the Agreement or required by applicable law, all payments received by Lender shall be applied first to billed finance charges, then to other charges that have not been added to principal, then to principal, and finally to unbilled finance charges.

3. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien that has priority over this Mortgage, including Borrower's covenants to make payments when due, and will not incur any additional indebtedness under any such mortgage, deed of trust or other security agreement. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property that may attain priority over this Mortgage, and any leasehold payments or ground rents. Borrower will notify all prior mortgagees of Lender's Mortgage.

4. **Hazard and Flood Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require, and in such amounts and for such periods as Lender may require. Borrower shall maintain coverage in an amount equal to the smallest of: (a) the amount of any obligation having priority over this Mortgage, plus the Maximum Principal Sum; or (b) the maximum insurable value of the Property, but in no event shall such amount be less than the amount necessary to satisfy any co-insurance requirement contained in the insurance policy; or (c) such amount as may be required by applicable law. If the Property is located in an area identified by federal officials as having special flood hazards and where flood insurance is available under the National Flood Insurance Act, Borrower will keep Property insured against loss by flood.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender, provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgagee clause in favor of, and in a form acceptable to, Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien that has priority over this Mortgage. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds, at Lender's option, either to restoration or repair of the Property or to the sums secured by this Mortgage.

5. ***Preservation and Maintenance of Property; Condominiums; Planned Unit Developments.*** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property. If this Mortgage is on a unit in a condominium or planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents. Borrower shall promptly pay, when due, all assessments imposed by the owners' association or other governing body of any condominium project of which the Property is a part, pursuant to the provisions of the declaration, by-laws, regulations or other constituent document of the condominium project. As long as the owners' association or other governing body maintains a "master" or "blanket" policy on the condominium project that provides insurance coverage against fire, hazards included within the term "extended coverage," and such other hazards as Lender may require, and in such amounts and for such periods as Lender may require, then Borrower's obligation under paragraph 4 to maintain hazard insurance coverage on the Property is deemed satisfied and the provisions of paragraph 4 regarding application of hazard insurance proceeds shall be superseded by any provisions of the declaration, by-laws, regulations or other constituent document of the project or of applicable law to the extent necessary to avoid a conflict between such provisions and the provisions of paragraph 4. For any period of time during which such hazard insurance coverage is not maintained, the immediately preceding sentence shall be deemed to have no force or effect. Borrower shall give Lender prompt notice of any lapse in such hazard insurance coverage. In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss of the Property, whether to the unit or to common elements, any such proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by this Mortgage, with the excess, if any, paid to Borrower.

If the Property is part of a condominium project, Borrower shall not, except after notice to Lender and with Lender's prior written consent, partition or subdivide the Property, or consent to (a) the abandonment or termination of the project, except for abandonment or termination provided by law in the case of a taking by condemnation or eminent domain; (b) any material amendment of the declaration, by-laws or regulations of the owners' association or other governing body, or equivalent constituent document of the project, including, but not limited to, any amendment that would change the percentage interests of the unit owners in the project; or (c) the effectuation of any decision by the owners' association or other governing body to terminate professional management and assume self-management of the project.

6. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced that materially affects Lender's interest in the Property, the Lender, at Lender's option, on notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as Lender deems necessary to protect its interest. Any amounts disbursed by Lender pursuant to this paragraph 6 shall become additional principal indebtedness of Borrower secured by this Mortgage and Borrower shall pay interest on such amounts at the rate in effect from time to time under the Note. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable on notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 6 shall require Lender to incur any expense or take any action hereunder, and any action taken by Lender hereunder shall not be a waiver of, or preclude the exercise of, any of the rights or remedies accorded to Lender.

7. **Inspection.** Lender may make or cause to be made reasonable entries on and inspection of the Property, provided that Lender shall give Borrower notice prior to such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

8. **Condemnation.** The process of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, is hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien that has priority over this Mortgage.

9. **Borrower Not Released; Forbearance By Lender Not A Waiver.** Extension of the time for payment or modification of any of the other terms of payment of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify the terms of payment of the sums secured by the Mortgage by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

10. **Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to the benefit of, the respective successors and assigns of Lender and Borrower. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signed this Mortgage, but does not execute the Agreement: (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage; (b) is not personally obligated to pay the sums secured by this Mortgage; and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forebear or make any other accommodations with regard to the terms of this Mortgage and the Note without the Borrower's consent and without releasing the Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

11. **Notice.** Except for any notice required under applicable law to be given in another manner: (a) any notice required or permitted to be given to Borrower under this Mortgage shall be sent to Borrower by regular mail addressed to Borrower at the address for notices specified in the Agreement; and (b) any notice required or permitted to be given to Lender under this Mortgage (including notices given pursuant to Pennsylvania Consolidated Statutes Annotated, title, 42, Section 8143 or to Rhode Island G.L. 34-25-10(b) and 34-25-11, if applicable) shall be sent to Lender by regular mail addressed to Lender at Lender's Address for Notices identified at the beginning of this Mortgage. Either party may change its address to which the other party is to send notices by giving the other party notice of the new address in accordance with this paragraph 11. Any notice provided for in this Mortgage shall be in writing and shall be deemed to have been given when mailed, postage prepaid, addressed in the manner designated herein.

12. **Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. Notwithstanding the foregoing, nothing herein shall limit the applicability of federal law to this Mortgage. In the event that any provision of this Mortgage or the Agreement conflicts with applicable law, the conflicting provision shall be deemed to be amended to afford the Lender the maximum rights allowed by law. No conflict with applicable law shall affect other provisions of this Mortgage or the Agreement that can be given effect without the conflicting provision and, to this end, the provisions of this Mortgage or the Agreement are declared to be severable.

13. **Borrower's Copy.** Borrower shall be furnished a conformed copy of this Mortgage at the time of execution or after recordation hereof.

14. **Events of Default.** Borrower shall be in default under this Mortgage on the occurrence of any of the following events: (a) failure by Borrower to pay when due any amount owing under the Agreement or this Mortgage if the failure continues for twenty-one (21) days after written notice of the failure is mailed to the Borrower (if the Property is located in Maine, such notice will not be sent until at least 10 days after the payment is due; if the Property is located in Connecticut, this Mortgage is subject to one or more prior mortgages, and there were loan fees, points, or other prepaid finance charges imposed in connection with the Agreement, such notice will not be sent until at least 39 days after the payment is due); (b) Borrower makes any fraudulent statement or material misrepresentation in connection with the Agreement or this Mortgage; (c) any action or inaction on Borrower's part adversely affects the Property or the Lender's rights in the property (e.g., a transfer of title to or sale of an interest in the Property without the Lender's consent; failure to maintain insurance or pay taxes on the Property; action by the Borrower resulting in the filing of a mortgage or lien that is or becomes senior to Lender's Mortgage; action by the Borrower that jeopardizes the Lender's security for future advances; death of all individuals obligated on the Agreement; a taking of the Property by eminent domain; foreclosure by a prior lienholder; or if the Lender's security interest is adversely affected due to: (i) waste, destructive use of or Borrower's failure to maintain the Property; (ii) Borrower's illegal use of the Property that subjects it to seizure; (iii) the filing of a judgement against Borrower; (iv) death of one of the joint obligors on the Agreement (except that this event of default shall not apply if the Property is located in Connecticut); or (v) Borrower's moving out of the Property and failing to return within twenty-one (21) days after written notice is mailed to the Borrower).

15. **Acceleration; Remedies.** On default, Lender may declare all sums secured by this Mortgage immediately due and payable, and Lender may invoke any of the remedies permitted under applicable law, including the STATUTORY POWER OF SALE, if any. If the Property is located in Florida, Lender shall be entitled to collect all costs and expenses incurred in collection or foreclosure, including attorneys' fees equal to ten percent (10%) of the principal sum or such larger amount as may be reasonable and just, and also all costs, expenses and attorneys' fees incurred in any appellate and bankruptcy proceedings. If Lender invokes a STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower, and to any other person required by applicable law, in the manner provided by applicable law. Lender shall publish the notice of sale and the Property shall be sold in the manner prescribed by applicable law. Lender or Lender's designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all reasonable costs and expenses of the sale, including reasonable attorneys' fees and costs of title evidence; (b) to all sums secured by this Mortgage in such order as Lender may determine; and (c) the excess, if any, to the person or persons legally entitled thereto.

16. **Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 15 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable. On acceleration under paragraph 15 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter on, take possession of and manage the Property and to collect the rents of the Property, including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

17. **Waiver of Homestead; Dower and Curtesy.** When applicable, and as permitted by law, Borrower hereby waives all rights of homestead in the Property and relinquishes all rights of dower and curtesy in the Property.

18. **Release.** Until all amounts secured are paid in full and the Agreement is canceled, this Mortgage will remain in effect, even though the loan balance may be reduced to zero from time to time. This Mortgage shall be deemed to be satisfied, and Lender shall give Borrower a discharge therefor, when: (a) all sums secured by this Mortgage have been paid in full, and Borrower has paid Lender for the recording cost of filing the satisfaction of mortgage; and (b) the Lender has no continuing obligation to make additional advances.

19. **New York Lien Law.** If the Agreement and Mortgage are governed by New York law, the Borrower will receive all amounts advanced under the Agreement subject to the trust fund provisions of Section 13 of the New York Lien Law. Borrower will use any money received from the Lender under the Agreement for the purpose of paying the cost of any improvements made to the Property before using the money for any other purpose.

Bk 22611 Pg 279 #84424

REQUEST FOR NOTICE OF DEFAULT AND FORECLOSURE
UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien that has priority over this Mortgage to give notice to Lender, at Lender's address set forth at the beginning of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

**NOTICE TO CONSUMER: 1. Do not sign this Mortgage before you read it.**
**2. You are entitled to a copy of this Mortgage.**

**IN WITNESS WHEREOF,** each of the undersigned has executed this Mortgage under seal this 3RD day of JUNE (month), 2005 . WE AGREE AND ACKNOWLEDGE THAT WE HAVE RECEIVED TRUE COPIES OF THIS MORTGAGE AND ANY RIDER.

(Signature of Witness One) Printed Name: ANNE GATITU
(Mortgagor/Borrower Signature) Printed Name: LEANNE M. ST GERMAIN

(Signature of Witness Two) Printed Name: HUMA ALI

(Signature of Witness One) Printed Name:
(Mortgagor/Borrower Signature) Printed Name:

(Signature of Witness Two) Printed Name:

(Signature of Witness One) Printed Name:
(Mortgagor/Borrower Signature) Printed Name:

(Signature of Witness Two) Printed Name:

(Signature of Witness One) Printed Name:
(Mortgagor/Borrower Signature) Printed Name:

(Signature of Witness Two) Printed Name:

(Signature of Witness One) Printed Name:
(Mortgagor/Borrower Signature) Printed Name:

(Signature of Witness Two) Printed Name:

STATE/COMMONWEALTH OF Massachusetts , COUNTY
Norfolk , SS. Date: 06/03/05

On this 3rd day of June , 2005 , before me, the undersigned notary public, personally appeared LEANNE M. ST GERMAIN

proved to me through satisfactory evidence of identification, which were MA Drivers License , respectively, to be the individual(s) whose name(s) is/are signed on the preceding or attached document, and acknowledged to me that (he) (she) (they) signed it voluntarily for its stated purpose.

[Seal]

Notary Public
Print Name: SHEENA M. DELMONTE
My Commission Expires: NOTARY PUBLIC Commonwealth of Massachusetts My Commission Expires Feb. 10, 2012
Florida Only: Notary Public Number:

21500D Rev. 01/2005

Bk 22611 Pg 280 #84424

# EXHIBIT A
# TO
# MORTGAGE

**Date of Mortgage:**
06/03/05

**Borrower(s)/Mortgagor(s):**
LEANNE M. ST GERMAIN

**Mortgagee:**
FLEET NATIONAL BANK,
PRINCIPALLY LOCATED IN RHODE ISLAND

**Property Address:**
54 CLAPP AVE WEYMOUTH, MA 02188

The Property is located in WEYMOUTH (city/town), NORFOLK (county), MASSACHUSETTS (state) and is bounded and described as follows:

(See "Schedule A" attached hereto and made a part hereof.)

Remit all Legal Documents to: -------------- Fleet Bank
Consumer Loan Operations
315 Court Street
P.O. Box 3092
Utica, NY 13502

Printed Name and Address of Person Who Prepared This Mortgage:
Name:
Address:
City, ST, Zip:

[illegible]

Recording Copy
Page 6 of 6

21500E Rev. 01/2005

Bk 22611 Pg 281 #84424

## SCHEDULE A

NAME: LEANNE M. ST GERMAIN

THAT CERTAIN PIECE OF PARCEL OF LAND, AND THE BUILDINGS AND IMPROVEMENTS THEREON, ~~KNOWN AS~~

IN THE TOWN OF WEYMOUTH
COUNTY OF NORFOLK
AND STATE OF MASSACHUSETTS
AND BEING MORE PARTICULARLY DESCRIBED IN A DEED RECORDED IN BOOK 14097, PAGE 597
~~OF THE~~

A true copy from Lib. 22611 Fol. 275
in Norfolk County Registry of Deeds
Dedham, MA
Certify: William P O'Donnell
Register

SCHEDA REV 01/2001

# Exhibit

# #5

Doc#1,238,374 11-15-2011 11:24
Norfolk County Land Court

DOCKET NUMBER: 201056SC002004

**Trial Court of Massachusetts**
**District Court Department**
**Small Claims Session**

CASE NAME HSBC BANK NEVADA NA vs. LEANNE M. ST GERMAIN

U021016

JUDGMENT CREDITOR(S) IN WHOSE FAVOR EXECUTION IS ISSUED
P01 HSBC BANK NEVADA NA

CURRENT COURT
Quincy District Court
1 Dennis Ryan Parkway
Quincy, MA 02169-5348
(617) 471-1650

JUDGMENT CREDITOR (OR CREDITOR'S ATTORNEY) WHO MUST ARRANGE SERVICE OF EXECUTION
P01 STEPHEN A. WIENER
LAW OFFICES OF HOWARD LEE SCHIFF PC
340 MAIN STREET
SUITE 959
WORCESTER, MA 01608-0613

FURTHER ORDERS OF THE COURT

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA
CERTIFY
William P. O'Donnell
WILLIAM P. O'DONNELL, REGISTER

Bk 28161 Pg85 #106063
10-19-2010 @ 01:08p

JUDGMENT DEBTOR AGAINST WHOM EXECUTION IS ISSUED
D01 LEANNE M. ST GERMAIN
54 CLAPP AVE
WEYMOUTH, MA 02188

**TO THE SHERIFFS OF THE SEVERAL COUNTIES OR THEIR DEPUTIES, OR (SUBJECT TO THE LIMITATIONS OF G.L. c. 41 § 92) ANY CONSTABLE OF ANY CITY OR TOWN WITHIN THE COMMONWEALTH:**

The judgment creditor(s) named above has recovered judgment against the judgment debtor named above in the amount shown below.

**WE COMMAND YOU,** therefore, from out of the value of any real or personal property of such judgment debtor found within your territorial jurisdiction, to cause payment to be made to the judgment creditor(s) in the amount of the "Execution Total" shown below, plus additional postjudgment interest as provided by G.L. c. 235 § 8 on the "Judgment Total" shown below commencing from the "Date Execution Issued" shown below at the "Annual Postjudgment Interest Rate" shown below, and to collect your own fees, as provided by law. This Writ of Execution is valid for twenty years from the "Date Judgment Entered" shown below. It must be returned to the court, along with your return of service, within ten days after this judgment has been satisfied or discharged, or after twenty years if this judgment remains unsatisfied or undischarged.

| | |
|---|---|
| 1. Judgment Total | $1,510.43 |
| 2. *Date Judgment Entered* | 07/26/2010 |
| 3. Date Execution Issued | 10/01/2010 |
| 4. Number of Days from Judgment to Execution *(Line 3 - Line 2)* | 67 |
| 5. Annual Postjudgment Interest Rate of 12.00% / 365 = Daily Interest Rate | 0.032877% |
| 6. Postjudgment Interest from Judgment to Execution *(Lines 1x4x5)* | $33.27 |
| 7. Postjudgment Costs *(if any)* | $0.00 |
| 8. Credits *(if any)* | $0.00 |
| 9. **EXECUTION TOTAL** *( Lines 1 + 6 + 7, minus Line 8)* | $1,543.70 |
| LEVYING OFFICER: (a) Add daily interest from date execution issued. | |
| (b) Add your fees as provided by law: | |

A TRUE COPY, ATTEST:
[signature]
DEPUTY SHERIFF
DATE 10/19/10

LS

| TESTE OF FIRST JUSTICE | DATE EXECUTION ISSUED | CLERK-MAGISTRATE/ASST. CLERK |
|---|---|---|
| WITNESS: Hon. Mark S. Coven | 10/01/2010 | X [signature] |

Date/Time Printed: 10/01/2010 11:52 AM

FORM NO.

2

A true copy of Document No. 1238374
filed in Norfolk Registry District
of the Land Court on 11-15-2011
Certified
William P O'Donnell
Asst. Recorder

Bk 28161 Pg 86 #106063

# The Commonwealth of Massachusetts
# County of Norfolk

**SHERIFF'S DEPARTMENT**
**Division of Civil Process**

**Michael G. Bellotti**
*Sheriff*

2015 Washington Street
P.O. Box 859215
Braintree, MA 02185-9215
Tel. (781) 326-1787 • Fax (781) 326-0288

**Jeffrey J. Nourse**
*Deputy Superintendent*

Date: 10/19/2010 Time: 8:36AM
Plaintiff: HSBC Bank Nevada NA
Plaintiff's Attorney: Howard Lee Schiff PC
Attorney's telephone number: (508)753-9991
Defendant: **Leanne E. St Germain**
**Book: 14097 Page: 597**

Court of Issue: QUINCY (DISTRICT) Execution # 201056SC002004

A certain parcel of land situated in Weymouth, in the County of Norfolk, Commonwealth of Massachusetts, bounded and described as follows:

| | |
|---|---|
| NORTHERLY | by a Way, shown on the plan hereinafter referred to, fifty-four (54) feet; |
| EASTERLY | by land now or formerly of Hugh R. Ferguson et ux, ninety-seven and 79/100 (97.79) feet; |
| SOUTHERLY | by land now or formerly of John Haviland, fifty-four and 01/100 (54.01) feet; and |
| WESTERLY | by land now or formerly of Joseph Dutton, ninety-seven and 08/100 (97.08) feet. |

By virtue of the attached execution, the original of which is in my hands for the purpose of taking the above described real estate, I have this day levied upon, seized and taken all right, title and interest that the within named Judgment Debtor had in such real estate in Norfolk County.
Attached is a true copy of this execution on the above so much of my return as relates to the levying upon, seizure, and taking of this real estate on the execution.

Deputy Sheriff
Jacket: 10025676

A true copy from Lib. 28161 Fol. 85
in Norfolk County Registry of Deeds
Dedham, MA
Certify: William P O'Donnell
Register

**Visit us at www.norfolkcivil.com**

SERVING THE COMMUNITIES OF: AVON, BELLINGHAM, BRAINTREE, BROOKLINE, CANTON, COHASSET, DEDHAM, DOVER, FOXBOROUGH, FRANKLIN, HOLBROOK, MEDFIELD, MEDWAY, MILLIS, MILTON, NEEDHAM, NORFOLK, NORWOOD, PLAINVILLE, QUINCY, RANDOLPH, SHARON, STOUGHTON, WALPOLE, WELLESLEY, WESTWOOD, WEYMOUTH, WRENTHAM

Printed on Recycled Paper

# Exhibit

# #6

# Town of Weymouth Property Card

Property Location 54 CLAPP AVE

Parcel ID 20-273-35

Current Owner

ST GERMAIN LEANNE M
54 CLAPP AVE
WEYMOUTH, MA 02188



Building 1 of 1

Additional Owners

Current Assessments (All Land and Buildings)

| | |
|---|---|
| | $113,600 |
| | $1,700 |
| | $122,400 |
| **Total** | $237,700 |

Land Line Valuation

0.12 acres

$122,400

Parcel Record of Ownership

| Grantor | Grantee | Date | Type | Price | Book Page |
|---|---|---|---|---|---|
| | ST GERMAIN LEANNE M | 04/11/2000 | QS | $0 | 14097/597 |
| | FABRIZIO CHARLES & DOROTHY | | QS | $0 | 351/179 |

# Town of Weymouth Property Card

**Selected Building Information on this Property**

**Property Location 54 CLAPP AVE**

Building 1 of 1

| | |
|---|---|
| State Classification Code | 1010 - SINGLE FAMILY DWG |
| Building Square Footage | 1,248 |
| Year Built | 1955 |
| Dwelling Style | CAPE |
| Story Height | 1SFR/B |
| Exterior Walls | WOOD SHINGLE |
| Foundation Type | CONCRETE |
| Deck Area | DECK |
| Porch Area | ENCL |
| Basement Type | AREA FULL |

| | |
|---|---|
| Attached Garage | 1 CAR |
| Detached Garage | |
| Number of Bedrooms | |
| Number of Full Bathrooms | 1 |
| Number of Half Bathrooms | |
| Heating Type | HOT AIR FURNACE |
| Central Air | CENTRAL AIR CON |
| Number of Fireplaces | |
| Additions | |

